**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD B. DE SIMONE, | |
| Plaintiff, | Civil Action No.: 08-1857(FLW) |
| v. | **Opinion** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**WOLFSON, United States District Judge:**

Presently before the Court is a Motion by Defendant United States of America for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), with respect to Counts Five through Eight of Plaintiff Richard B. De Simone's Complaint. Plaintiff's Complaint arises out of his dealings with the Internal Revenue Service ("IRS").[1] He alleges, generally, that the IRS erroneously assessed him taxes, failed to refund taxes overpaid, and engaged in arbitrary and capricious decision-making while adjudicating his administrative proceeding. For the following reasons, the Court grants Defendant's motion for partial judgment on Counts Five through Eight of the Complaint.

**I.  Factual Background and Procedural History**

Plaintiff's allegations arise out of a 1994 assessment and penalty imposed on him by the IRS. See Complaint ("Compl.") at ¶ 3. This assessment was based on the IRS's finding that he was a "responsible person" and, therefore, accountable for the taxes of Information

---

[1] Throughout this opinion, I will use the terms IRS and Commissioner interchangeably. I will also refer to the Defendant, which is the United States of America, as IRS where appropriate for the sake of facile reading.

Management Group, Inc. ("IMG"), id., a New Jersey Corporation of which he was an officer and minority shareholder, id. at ¶¶ 7, 9. Mr. Simone was also an officer and principal of several companies affiliated with IMG, namely, IMG Computer Technology Solutions, Inc., IMG Transportation and Distribution, Inc., IMG Production and Manufacturing Systems, Inc., and IMG Software Solutions, Inc. (collectively, "Affiliated Companies"). Id. at ¶ 8.

The facts underlying the assessment are as follows. IMG began to encounter financial difficulties in 1992, and became insolvent thereafter. Id. at ¶¶ 17, 18. Unable to collect from the corporation, the IRS pursued Defendant De Simone in 1994. Id. at ¶ 22. The IRS assessed him as a responsible person, under 26 U.S.C. § 6672, of both IMG and the Affiliated Companies. See id. at ¶ 23. Specifically, the IRS assessed Mr. De Simone with respect to the following fiscal quarters:

| Period Ending | Assessed Amount |
|---|---|
| 09/30/91 | $28,980.50 |
| 12/31/91 | $33,915.69 |
| 03/31/92 | $36,053.52 |
| 06/30/92 | $24,000.27 |
| 09/30/92 | $43,599.79 |

Id. at ¶ 3.

Mr. De Simone filed an administrative appeal with the IRS Appeals office in 1995. Id. at ¶¶ 24, 29. The IRS Appeals officer concluded that Defendant was partially, but not solely, responsible for the unpaid taxes of IMG and the Affiliated Companies. Id. at ¶¶ 25-8. At the conclusion of the appeal, Mr. De Simone signed a Consent to Assessment of Trust Fund Recovery Penalty for three of the Affiliated Companies. Id. at ¶ 29. He did not consent to assessments relating to the tax liabilities of IMG or the remaining Affiliated Company. Id. at ¶ 30.

On September 13, 2007, Plaintiff filed a Claim for Refund and Request for Abatement

2

(IRS Form 843) for each of the aforesaid time periods. See id. at ¶ 4; id., Exh. A. The IRS rejected his requests on March 6, 2008. See id. at ¶ 5; id., Exh. B. Plaintiff now appeals that decision to this court pursuant to 28 U.S.C. §§ 1340 and 1346.[2]

### III. Standard of Review

#### A. Rule 12(c) Standard

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on

---

[2] Mr. De Simone asserts in his Complaint that he is seeking review pursuant to 26 U.S.C. § 6330(d)(1)(B). Compl. at ¶ 6. There is no longer such a provision because section 6330 was amended in 2007. The current section (d)(1) provides for appeal from an IRS Office of Appeal's decision to the Tax Court. See 28 U.S.C. § 6330(d)(1) ("Judicial review of determination–The person may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)"). And, section (d)(2)(B) deals with jurisdiction retained by the IRS Office of Appeals where there are changed circumstances. See 28 U.S.C. § 6330(d)(2)(B) ("Jurisdiction retained at IRS Office of Appeals–The Internal Revenue Service Office of Appeals shall retain jurisdiction with respect to any determination made under this section, including subsequent hearings requested by the person who requested the original hearing on issues regarding–(B) after the person has exhausted all administrative remedies, a change in circumstances with respect to such person which affects such determination.") Presumably, Plaintiff was relying on the former § 6330(d)(1)(B), which provided that "(1) Judicial review of determination.–The person may, within 30 days of a determination under this section, appeal such determination–(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States ...." See 26 U.S.C. § 6330 (Amendments); Pension Protection Act of 2006, Pub. L. No. 109-280, § 855, 120 Stat. 1019 (amending 26 U.S.C. § 6330).

Mr. De Simone's cite to 28 U.S.C. §§ 1340 and 1346, as a basis for district court jurisdiction, is accurate. See 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue ...."); 28 U.S.C. § 1346(a)(1) ("The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws . . .") See also United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 1514 (2008) ("A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims.").

.

3

the pleadings after the pleadings have been closed if the motion does not delay trial. FED. R. CIV. P. 12 (c). Similar to the standard for dismissal under Fed. R. Civ. P. 12(b)(6), it requires the Court to takes all well-pled allegations in the complaint as true and to draw all reasonable inferences in favor of the plaintiff.[3] Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). Judgment should be granted if the complaint fails to state a claim for which relief may be granted. Id. (citing FED. R. CIV. P. 12 (h)(2)).

### B. Standard Applicable to Determination of Tax Liability

The parties dispute the applicable standard of review and its scope, particularly because it relates to the merits of the IRS's motion for partial judgment on the pleadings. If the standard is *de novo*, as the IRS asserts, the reasoning employed by the IRS is irrelevant and the counts of the Complaint challenging that reasoning should be dismissed. Plaintiff does not generally dispute application of the *de novo* review. Rather, he contends that, in conducting such a review, the Court must necessarily "include a review of the acts and/or omissions of the Service in its dealings with the Plaintiff at the administrative level." Plaintiff's Opposition Brief ("Pl. Opp. Br.") at 6. Further, Plaintiff continues, Counts Five, Six, and Eight challenge not only the means by which the IRS reached its decision but also the substance of the decisions it reached.

---

[3] Some cases describe the Rule 12(c) standard in summary judgment terms. See e.g., DiCarlo v. St. Mary Hosp., 530 F.3d 255, 259 (3d. Cir. 2008) ("Judgment will only be granted where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law."). However described, the touchstone of the analysis is whether the parties' well-plead allegations can sustain the causes of action alleged. See id. at 262-63 ("The court will accept the complaint's well-pleaded allegations as true, and construe the complaint in the light most favorable to the nonmoving party, but will not accept unsupported conclusory statements."). In contrast to a summary judgment motion, the court may not look outside the pleadings. See Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).

4

As to Count Seven, Plaintiff asserts that the appropriate standard is abuse of discretion. He cites Cavanaugh v. United States, 2004 WL 880442 (D.N.J.) in support of his position. Cavanaugh, however, is factually distinguishable. In that case, the taxpayer challenged the Commissioner's failure to afford him a hearing.[4] Id. at *4. The court concluded that "Congress intended district courts to review Notices of Determination for abuse of discretion where the validity of the tax liability is not properly part of the appeal." Id.; accord Bartolomeo v. United States, 292 F.Supp.2d 728, 731-2 (W.D.Pa. 2003). Here, of course, the validity of Plaintiff's tax liability is the crux of his appeal. He challenges both his designation as a "responsible person" under section 6672 and the underlying tax liability of IMG and the Affiliated Companies. Thus, Cavanaugh is of no precedential value to him. Accord Garage v. United States, 2005 WL 3610064, at *3 (D.N.J. 2005).[5] Other than his cite to Cavanaugh,

---

[4] Cavanaugh, decided in 2004, applied the former 26 U.S.C. § 6330(d)(1)(B) in ascertaining its jurisdiction. Cavanaugh, 2004 WL 880442 at *4. This jurisdictional analysis, however, is unrelated to the opinion's standard-of-review analysis upon which Plaintiff relies. Neither former section 6330(d)(1)(B) nor the current version "specify the standard of review a district court should apply when reviewing Notices of Determination issued by the IRS Appeals Office." Cavanaugh, supra at *4 (interpreting former section); Sullivan v. United States, 2007 WL 2811120, at *4 (E.D.Pa. 2007) (interpreting current section).

[5] Legislative history supports this means for determining which standard of review applies in a given case. The House Conference Report for section 6330(d)(1) reads:

> Where the validity of the tax liability was properly at issue in the hearing, and where the determination with regard to the tax liability is a part of the appeal, . . .[t]he amount of the tax liability will in such cases be reviewed by the appropriate court on a de novo basis. Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for abuse of discretion.

144 Cong. Rec. H5100-01, H5168 (daily ed. June 24, 1998). Accord Christopher Cross, Inc. v. United States, 461 F.3d 610, 612 (5th Cir.2006); Olsen v. United States, 414 F.3d 144, 150 (1st Cir.2005); Danner v. United States, 208 F.Supp.2d 1166, 1171 (E.D.Wash. 2002).

5

Plaintiff cites no authority for the position that *de novo* review must encompass the reasoning of the Commissioner at the administrative level.[6]

The IRS cites R.E. Dietz Corp. v. United States, 939 F.2d 1 (2d Cir. 1991) (hereinafter "Dietz") in support of its argument that the *de novo* standard does not permit inquiry into the IRS's reasoning. According to Dietz, "[t]he factual and legal analysis employed by the Commissioner is of no consequence to the district court." Id. at 4 (citations omitted). This is because "in an action brought pursuant to 28 U.S.C. § 1346(a)(1) for a refund of taxes already paid to the government, the district court is required to redetermine the entire tax liability." Id. (citing Lewis v. Reynolds, 284 U.S. 281, 283 (1932)). While the taxpayer bears the burden of establishing that the IRS's decision is incorrect, "the court does not sit in judgment of the Commissioner; the court places itself in the shoes of the Commissioner." Id. at 5 (quoting National Right to Work Legal Def. & Educ. Found. v. United States, 487 F.Supp. 801, 805 (E.D.N.C.1979)).

The only exception to this rule is where the statute upon which tax liability was premised invokes the exercise of discretion by the IRS Commissioner. In that instance, the court must necessarily consider whether the Commissioner abused his discretion as part of the court's *de novo* review. That was the circumstance in Dietz, where the Commissioner's decision rested on 26 U.S.C. § 964. Section 964(b)(4) conditioned the liability decision on the Commissioner's "satisfaction" that certain statutory elements had been met. Id. at 4-5.

I find the analysis in Dietz persuasive. For one, Dietz's reasoning is supported by

---

[6] Plaintiff makes a separate argument that the abuse of discretion standard inures from the Administrative Procedure Act, 5 U.S.C. § 701, et seq. ("APA"). Case law suggests, however, that the APA cannot be applied to tax appeals. Asemani v. United States, 2004 WL 2649718, at *2-3 (M.D.Pa. 2004) aff'd, 163 Fed. Appx. 102 (3d Cir. 2006).

Mennen Co. v. Kelley, 137 F.2d 866, 867 (3d Cir. 1942), which engaged in a *de novo* review by independently considering application of the IRS Code to the facts before it, though it did not explicitly discuss under which standard of review it proceeded. Helvering v. Gowran, 302 U.S. 238, 246 (1937), also cited by the IRS, further suggests that Dietz's reasoning is correct. In Helvering, the taxpayer appealed from a decision of the IRS Commissioner to the Board of Tax Appeals. He, then, sought review of the Board's decision in the Court of Appeals. Id. at 246. Addressing whether the Court of Appeals exercised its review appropriately, the Supreme Court noted

> The ultimate question before that court was whether, upon the facts stipulated, the Board had erred in affirming the Commissioner's determination that the additional taxes were due. If the Commissioner was right in his determination, the Board properly affirmed it, *even if the reasons which he had assigned were wrong.*

Id (emphasis added). Lastly, the operative distinction between *de novo* review and abuse of discretion is the element of the Commissioner's reasoning. If *de novo* review is interpreted to encompass the Commissioner's decision-making process, it would become redundant of the abuse of discretion standard.

Moreover, a recent Court of Federal Claims decision undermines Plaintiff's contention that, while engaging in a *de novo* review, this court must take into account the IRS's reasoning at the administrative level. In Litman v. United States, 81 Fed. Cl. 315 (Fed. Cl. 2008), a plaintiff who sought a refund of taxes assessed argued that the IRS "waived" its right to argue in a manner inconsistent with a prior position stated in its "whipsaw notices."[7] Rejecting the

---

[7] The "whipsaw notices" in Litman referred to the IRS's practice of issuing two competing notices of deficiencies based on two different means of stock valuation in order to preserve both methods on appeal. The IRS sought to preserve both methods because the two different taxpayers in that case each adopted one of the conflicting positions. See Litman v.

7

plaintiff's contention, the Court explained

> the fact that the Government took a litigation position that was inconsistent with the position advanced in the whipsaw notice to [plaintiff] has no bearing on [plaintiff's] liability for penalties, which is a function of *this court's determination* of the value of the restricted shares.

Id. at 320 (emphasis added).

Though not framed as a waiver argument, the position advanced by Mr. De Simone in Count Seven of the Complaint is strikingly similar to that advanced by the plaintiff in Litman. "Throughout the administrative proceedings before the Service, the Service has taken the position that the 1995 Appeals Determination settled all issues ...." Compl. at ¶ 67. Yet, the "Appeal Determination specifically limited and confined the Taxpayer's liability to a percentage of . . . ownership . . . and he was not assessed joint and several liability." Id. at ¶ 69. "Thus, the 1995 Appeals Determination cannot be used as a whipsaw upon the Taxpayer, whereby the entire liability is imposed upon him ...." Id. at ¶ 70. "The Service must be bound by its own determinations ...." Id. at ¶ 71.

In short, Plaintiff argues that the IRS has taken inconsistent positions at different stages in the administrative proceedings and should not be permitted to do same. Under Litman, regardless of whether the IRS took such inconsistent positions, now that the matter is before this court, it is the court's independent decision that governs.[8] That is the essence

---

United States, 78 Fed. Cl. 90, 111 (Fed. Cl. 2007).

[8] It is this procedural juxtaposition that distinguishes this case from the typical judicial estoppel scenario. Judicial estoppel will preclude a party from advancing inconsistent positions before the same tribunal. See e.g., Alpha I, L.P. ex rel. Sands v. U.S., 89 Fed.Cl. 347, 360-61 (Fed. Cl. 2009) (discussing inconsistent positions taken by plaintiff in successive litigation before Court of Federal Claims). Where, as here, a party is accused of taking inconsistent positions before an administrative agency, whether that litigation strategy can be reviewed depends upon the standard of review employed by the reviewing court. Cf. id. at *14 ("there is no precise formula regarding when the doctrine of judicial estoppel should be

8

of *de novo* review. For these reasons, I agree with the IRS that *de novo* review of the Commissioner's decision does not permit this court to delve into the Commissioner's reasoning at the administrative decision-making level.

To be sure, the abuse of discretion standard shall apply when the IRS statutes or regulations at issue call for the exercise of discretion by the Commissioner. As explained in more depth *infra*, Counts Five through Eight rest on application of section 6672, which provides that

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to [sic] a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a). The responsible person doctrine finds its genesis in this provision, Jacob R. Brandzel, Is Your Client a "Responsible Person"?, 16 Am. Bankr. Inst. J. 14 (Mar. 1997), and it is the root of many of Mr. De Simone's challenges (apart from those seeking redetermination of the tax liability of IMG and/or the Affiliated Companies). As is clear from its text, this provision does not require the Commissioner to exercise any discretion in determining whether a taxpayer is a responsible person. Thus, the abuse of discretion standard is not appropriate here. Having clarified the appropriate standard of review, I now turn to the substance of Defendant's Rule 12(c) motion.

## IV. Discussion

Counts One through Four of the Complaint challenge the substance of the IRS's

---

applied . . . [differing] considerations may inform the doctrine's application in specific factual contexts") (citing New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001)).

decision to assess Mr. De Simone. In Count One, Plaintiff alleges that IMG and the Affiliated Companies reported payroll taxes in duplicate by mistake, thereby resulting in the incurrence of additional payroll tax liabilities by IMG and the Affiliated Companies. See id. at ¶¶ 32-38. Through this Count, Mr. De Simone seeks an adjustment to any tax liability based on the erroneous duplication in reporting. In Count Two, Plaintiff asserts that the certain payroll amounts reported to the IRS by IMG and the Affiliated Companies were never actually paid to those employees. See id. at ¶¶ 46-48. He seeks an adjustment to his tax liability based on same. See id. at ¶¶ 49-50. Count Three directly challenges the IRS's determination that Mr. De Simone is a responsible person under 26 U.S.C. § 6672. See id. at ¶ 57. Through Count Four, Plaintiff seeks abatement of the Trust Fund Recovery Penalty based on the reasonable cause exception. See id. at ¶ 65. Defendant does not seek judgment on any of these counts.

Counts Five through Eight of the Complaint, however, present different types of challenges. I agree with the IRS that, unlike the first four counts, those counts challenge the behavior of the IRS throughout the assessment and refund process. I address each count in turn.

### A. Count Five

In Count Five, titled "IRS Has Improperly Taken Inconsistent Opinions," Plaintiff seeks a recalculation of his tax liability. Id. at ¶ 72. He is entitled to this recalculation, he asserts, because the IRS previously deemed the 1995 Appeal as settling all of Plaintiff's tax liabilities. See id. at ¶ 67. This count is similar to that rejected in Litman. That the IRS took inconsistent positions is of no moment to this court. In addition, this count is duplicative of Counts One and Two which seek the same recalculation of taxes owed. In other words, what this count essentially seeks is a redetermination of tax liability which is subject to *de novo*

10

review. The IRS is entitled to judgment on this count.

**B.     Count Six**

Count Six, titled "Internal Revenue Service Negligence," asserts that the IRS lost documents filed by Plaintiff, the filing of which would have decreased his tax assessment. See id. at ¶ 74-75. He alleges that, if the IRS had properly maintained his file, "copies of pertinent payroll returns and records would have been available" and the amended payroll tax returns allegedly filed would have resulted in a reduction of IMG's or the Affiliated Companies' (collectively, "The Companies'") tax liability. Id. At first glance, this count appears to challenge an agency action apart from the underlying tax liability decision because Plaintiff is contending that the IRS effectively lost evidence to his detriment.

A closer look, however, reveals that Plaintiff is merely seeking another recalculation of The Companies' tax liability. Theoretically, to prove the IRS's negligence, Plaintiff would have to provide the court with copies of the payroll records and returns allegedly provided to the IRS, along with proof of mailing. If Plaintiff cannot prove the mailing of these materials, he could not demonstrate that the IRS had a duty to protect filings it never received. Nor could Plaintiff demonstrate causation or injury if he could not produce the payroll records and returns for the court to determine that he is entitled to a credit for duplicate taxes. The point of a negligence claim is to recovery for an injury caused by a duty breached. Thus, Plaintiff's only recovery for the alleged breach would be a *recalculation of his tax liability*. Because this is the true essence of his claim, the *de novo* standard applies and renders the alleged loss of paperwork irrelevant.[9] Accordingly, the IRS is entitled to judgment on this count.

---

[9] Plaintiff is, of course, entitled to present copies of these documents in connection with the surviving counts seeking recalculation of The Companies' liability.

11

### C. Count Seven

In Count Seven, titled "Internal Revenue Service Abuse of Discretion," Plaintiff essentially asserts that the IRS actions highlighted in Counts One, Two, Three and Five constitute abuses of discretion. See id. at ¶ 77(a) ("The Service failed to properly consider the Taxpayer's position regarding responsible person status."); id. at ¶ 77(b) ("The Service has improperly misapplied the 1995 Appeal Determination ...."); id. at ¶ 77(d) ("The Service failed to properly . . . calculate the assessment by failing to provide the appropriate credits for duplicate reporting, uncashed, or unremitted payroll."). Count Seven, further, alleges that the IRS " improperly rejected the Taxpayer's prior Offers of Compromise based upon procedural grounds ...." Id. at ¶ 77(c).

As to this count's rehash of Counts One, Two, and Three, the *de novo* standard applies to the substantive tax liability determination. As to this count's restatement of Count Five, it is dismissed for the same reason as the count it restates. Regarding the Commissioner's rejection of Plaintiff's Offers of Compromise, this IRS argues that this court does not have jurisdiction to hear such a claim, citing Cherbanaeff v. U.S., 77 Fed. Cl. 490 (Fed. Cl. 2007).

Cherbanaeff generally holds that "[t]he statutory and regulatory provisions that deal with offers in compromise provide *solely* for an appeal to the IRS Office of Appeals." Id. at 497 (emphasis added). The IRS concedes that Cherbanaeff recognizes one exception to this rule—courts may review a taxpayer challenge to the Commissioner's rejection of his Offers in Compromise if the rejection was made in the context of a collection due process hearing and the taxpayer appeals from the hearing pursuant to section 6330. Def. Open. Br. at 8; Cherbanaeff, supra at 497, n.9; see also Vivenzio v. Commissioner, 283 Fed. Appx. 40, 44 (3d Cir. 2008). Plaintiff has not appealed from a collection due process hearing pursuant to

section 6330, as explained *supra*, but pursuant to section 1340 and 1346. Moreover, the text of § 6330(d)(1) makes clear that such appeals must be brought before the Tax Court as opposed to the district court. 26 U.S.C. § 6330(d)(1) ("Judicial review of determination–The person may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)"). See also Vivenzio, 283 Fed.Appx. 40, at *1 ("The taxpayer . . . 'may, within 30 days of a determination under this section, appeal such determination to the Tax Court ...."). Thus, the IRS is entitled to judgment on Count Seven of the Complaint.

### D. Count Eight

Count Eight is titled "The Internal Revenue Service Failed to Properly Pursue the Assets of the Corporation and Others Who Could Be Claimed as Responsible Persons." In this count, Plaintiff challenges the IRS's decision not to pursue some of the other shareholders of IMG and the Affiliated Companies even though they were also deemed responsible persons under section 6672. See id. at ¶ 84-5. This count further alleges that the IRS failed to pursue other now-defunct entities to which those shareholders had surreptitiously transferred IMG assets. See id. at ¶ 86. On account of these alleged errors, Plaintiff seeks a refund of taxes paid, declaration that he is not a responsible person under the statute, abatement of the Trust Fund Recovery Penalty and penalties and interest, adjustment for the duplicate and uncashed payroll, damages and attorney's fees. See id.

Here, again, Plaintiff is essentially seeking a redetermination of his tax liability and that request is subject to a *de novo* review. Those aspects of Count Eight must be dismissed for the reasons stated *supra*. Count Eight differs from the other counts, however, in that it raises another issue–whether the Commissioner may impose joint and several liability under

13

the IRS Code. This is a legal question, also subject to *de novo* review. Unlike Plaintiff's other challenges in Counts Five through Seven that seek to review the IRS's decision-making process and reasoning, this aspect of Count Eight simply seeks a determination of the law and is appropriately brought.

That said, the IRS raises a second ground for dismissing Count Eight. Citing Quattrone Accountants, Inc. v. Internal Revenue Service, 895 F.2d 921 (3d Cir. 1989), it argues that the Commissioner has absolute discretion to pursue only one of the responsible persons for tax liabilities owed. The IRS citation to Quattrone is directly on point. As made clear by the Third Circuit in that case, "[s]ection 6672 imposes joint and several liability on each responsible person, and each responsible person can be held for the total amount of withholding not paid." Id. at 926 (citation and internal quotation marks omitted). Plaintiff may pursue, in a separate action, any other responsible persons of IMG and the Affiliated Companies it believes are liable.[10] See 26 U.S.C. § 6672(d).[11] Accordingly, Count Eight fails

---

[10] Plaintiff alleges that, in his 1995 Appeal, "[he] was determined to be only a 25% owner by the Internal Revenue Service." Compl. at ¶ 25. He, further, alleges that "Messrs. Fox and Pennella were deemed to have been in charge of the day-to-day operations of [IMG] and the Affiliated Companies, and therefore responsible persons within the meaning of 26 U.S.C. Section 6672." Id. at ¶ 84.

[11] This subsection provides

> **Right of contribution where more than 1 person liable for penalty**—If more than 1 person is liable for the penalty under subsection (a) with respect to any tax, each person who paid such penalty shall be entitled to recover from other persons who are liable for such penalty an amount equal to the excess of the amount paid by such person over such person's proportionate share of the penalty. *Any claim for such a recovery may be made only in a proceeding which is separate from a proceeding in which the United States files a counterclaim or third-party complaint for the collection of such penalty*....

26 U.S.C. § 6672(d) (emphasis added). Here, the IRS has brought a counterclaim for collection

as a matter of law and the IRS is entitled to judgment.

## IV.     Conclusion

For the foregoing reasons, Defendant's motion for partial judgment on the pleading is granted and Counts Five through Eight are dismissed.


Dated: December 29, 2009                     /s/ Freda L. Wolfson
                                             Freda L. Wolfson, U.S.D.J.

---

of the Trust Fund Recovery Penalty and other assessments, thus Plaintiff must pursue any other responsible persons in a separate action. See Defendant's Answer, Counterclaim ¶¶ 3, 6.